## BONNER et al. v. STATE.
### No. A–11894.

Criminal Court of Appeals of Oklahoma.
Jan. 6, 1954.

Paul & McPheron, Durant, for plaintiffs in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

The appellants herein were jointly charged in the county court of Bryan County with possession of intoxicating liquor with intent to sell, were tried before a jury, convicted, and the punishment of each fixed at the maximum provided by law of a fine of $500 and each to be confined in the county jail for six months, and to pay the costs of the action.

Briefs for appellants were due in this court on March 5, 1953, but none have been filed. Counsel did not appear on September 30, 1953 when the case was set down for oral argument. Nevertheless we have carefully studied the record for fundamental error.

Prior to trial, a motion to suppress the evidence was filed. The evidence developed that the search warrant authorizing the search was for the residence therein described of Sammie Bonner and Elmer Bonner. It was shown that Sammie Bonner was the same person as J. S. Bonner. The evidence is silent as to whom the search warrant was served on, but it does show that Sammie Bonner admitted the officers and signed a slip admitting that they searched his person and premises and obtained the large quantity of liquor forming the basis for the prosecution. The search warrant called for the search of all automobiles found on the premises. Of course the warrant would be a "blanket warrant" if it was intended that any cars belonging to persons other than those named in the search warrant were intended. The evidence developed that the defendant Jackson Lassiter roomed at the home of Sammie Bonner and wife. It was not developed that he had a separate apartment in the building, which also, if shown, would have made the warrant a general or blanket warrant and have subjected the evidence discovered by reason thereof to be suppressed.

It was shown that before the officers departed from the home several customers appeared and were detained, but not taken to the court house. But Jackson Lassiter drove up just prior to the departure of the officers, and was summarily arrested and his car searched. This of course violated his constitutional rights, art. II, § 30, Okl. Const., as he had committed no offense in the presence of the officers and the search warrant was not for the search of his car and no liquor was found in his car.

■ If there had been evidence that the defendants were partners and the search warrant had named Jackson Lassiter, then and only then could his car have been searched, unless he committed a misdemeanor in the presence of the officers, or a felony had been committed and the officers had reason to believe that he had committed it. Tit. 22 O.S.1951 § 196(1), (2), (3). There was no evidence that the officers searched his room at the Bonner home.

We do not find under the state of the record that the court erred in overruling the motion to suppress the evidence.

■ The evidence on trial was much the same as on motion to suppress. There was no evidence that the defendant Jackson Lassiter had any connection with the whiskey. None of it was found in his car so illegally searched, or in his room, if it was searched. The sheriff was convinced that Lassiter was in and out of the home and had an interest in the whiskey, but the affidavit forming the basis for the search warrant did not so say. Lassiter, as stated, was not named. And while it well may be that the surmise of the sheriff may have been in fact correct, competent evidence is required tending to establish the guilt of persons accused of crime before this court in all good conscience may approve a conviction.

For the reasons stated, the case is affirmed as to the defendant Sammie Bonner, but is reversed and remanded and ordered dismissed as to the defendant Jackson Lassiter.

JONES and BRETT, JJ., concur.